UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

# 05   10049   NG

CROWN CLOTHING CORPORATION,
Plaintiff                    MAGISTRATE JUDGE _____

v.

RANDCORE, INC.,
RAND INTERNATIONAL TRADING,
INC., ANDRE BERNARD, AND
RONALD BERNARD,
Defendants

RECEIPT # _Q1329_
AMOUNT $_150_
SUMMONS ISSUED _N/A_
LOCAL RULE 4.1____
WAIVER FORM____
MCF ISSUED____
BY DPTY. CLK. _____
DATE _1/11/05_

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Randcore, Inc., Rand International Trading, and Andred Bernard,

(hereinafter the "Defendants") file this Notice of Removal and hereby remove the above-

captioned action pursuant to 28 U.S.C. § 1446, and in support of said notice and removal

state as follows:

1. On December 7, 2004, Plaintiff Crown Clothing Corporation ("Crown

Clothing") commenced this action by filing a complaint in the Superior Court of the

Commonwealth of Massachusetts (Suffolk County), entitled *Crown Clothing*

*Corporation v. Randcore, Inc., et al.*, Civil Action No. 04-5313 (the "Original

Complaint"). An amended complaint was filed on December 20, 2004, a copy of which

is attached hereto at Tab 1.

2. The Original Complaint was served on Defendants in New York via certified

mail on December 9, 2004 and the Amended Complaint was served upon Defendants'

attorney, Jeffrey S. Stern, via regular mail on December 20, 2004.

3.  Crown Clothing alleges in the Amended Complaint that it is a Massachusetts Corporation with a principal place of business in Norwood, Massachusetts.  As Crown Clothing also alleges in the Amended Complaint, defendants Randcore, Inc. ("Randcore") and Rand International Trading, Inc. ("Rand") are corporations with their principal places of business in New York, New York; and defendant Andre Bernard is an individual resident of Mount Kisco, New York.  Accordingly, this controversy is between citizens of different states within the meaning of 28 U.S.C. § 1332.

WHEREFORE, Defendants Randcore, Inc., Rand International Trading, and Andred Bernard say this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and that the action is properly removable to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1441.

RANDCORE, INC., RAND INTERNATIONAL TRADING, INC. and ANDRE BERNARD

By their attorney,

Jeffrey S. Stern (BBO # 479460)
Sugarman, Rogers Barshak & Cohen, P.C.
101 Merrimac Street
Boston, MA  02114
(617) 227-3030

Dated: January 7, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following attorney of record for each party by mail on January 7, 2005:

John C. Wyman, Esquire
Murtha Cullina LLP
99 High Street, 20th floor
Boston, MA  02110

Gary R. Greenberg, Esquire
Greenberg Traurig
One International Place
Boston, MA  02110

_____
Jeffrey S. Stern

# MURTHA CULLINA LLP

A T T O R N E Y S    A T    L A W

99 HIGH STREET
BOSTON, MASSACHUSETTS 02110-2320

TELEPHONE (617) 457-4000
FACSIMILE (617) 482-3868
www.murthalaw.com

December 20, 2004

Suffolk Superior Court
Session Clerk Business Litigation
90 Devonshire Street, Ctrm. 6
Boston, MA 02109

RE:   Crown Clothing Corporation
VS.   Randcore, Inc. Rand International Trading, Inc.
      Andre Bernard and Ronald Bernard
      Civil Action No. 04-5313-BLS

Dear Sir/Madam:

Enclosed herewith for filing please find Amended Complaint relative to the above referenced matter.

Very truly yours,

Ryan M. MacDonald

RMM/lmp
Enc.

cc:  Jeffrey S. Stern, Esq.
     Ronald Bernard (via certified and regular mail)

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.
                           SUPERIOR COURT DEPARTMENT
                           OF THE TRIAL COURT
                           CIVIL ACTION NO. 04-5313-BLS
                           (Judge van Gestel)

| | |
|---|---|
| CROWN CLOTHING CORPORATION,   ] <br>           Plaintiff        ] <br>         ] <br> v.            ] <br>         ] <br> RANDCORE, INC.,     ] <br> RAND INTERNATIONAL TRADING,   ] <br> INC. ANDRE BERNARD, AND   ] <br> RONALD BERNARD,     ] <br>           Defendants    ] | **AMENDED COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

This is an action to recover sums paid by the plaintiff to the defendants in reasonable reliance upon the defendants' agreement to act in the best interests of the plaintiff and upon misrepresentations and other fraudulent conduct on the part of the defendants.

    1.     The plaintiff Crown Clothing Corporation (hereinafter "Crown Clothing") is a Massachusetts corporation with a principal place of business at 340 Vanderbilt Avenue, Norwood, MA 02062. Crown Clothing is a designer and importer of men's suits, sportcoats, overcoats and raincoats which it sells to retail stores throughout the United States. With exception of a New York City sales office staffed by three employees, all of Crown Clothing's activities occur within the Commonwealth of Massachusetts.

    2.     The defendant Randcore, Inc., ("RandCore") is a New York corporation with a principal place of business at 267 Fifth Avenue, New York, NY 10016.

    3.     The defendant Rand International Trading, Inc., ("Rand") is a New York corporation with a principal place of business at 267 Fifth Avenue, New York, NY 10016.

4.     The defendant Andre Bernard is an individual resident of New York who lives at 5 Kitchel Road, Mount Kisco, New York. At all times material hereto, upon information and belief, Andre Bernard was an officer of and owned 100% of the stock of Randcore.

5.     Ronald Bernard is an individual resident of New York who lives at 444 East 82nd Street, New York, New York. Ronald Bernard is a brother of Andre Bernard. At all times material hereto, upon information and belief, Ronald Bernard has been an officer of and owned 100% of the stock of Rand. On two occasions Roland Bernard traveled to Albena Style in Dobrich, Bulgaria to assist Crown Clothing representatives when Andre Bernard was not available to do so.

6.     In connection with the services that the defendants performed for Crown Clothing, Andre Bernard periodically met with Crown Clothing employees in Massachusetts, regularly telephoned Crown Clothing representatives in Massachusetts, and sent letters and reports to Crown Clothing in Massachusetts. At all times Randcore and Rand sent invoices to Crown Clothing in Massachusetts, which Crown Clothing paid with funds on deposit with banking institutions located in Massachusetts. All damages sustained by Crown Clothing occurred in Massachusetts.

7.     In 1995 Crown Clothing decided to have some of its men's suits and overcoats manufactured in Eastern Europe. Because of the distances from its Massachusetts offices, language differences, and differing business and legal practices and requirements, Crown Clothing determined that it needed to retain a person experienced in the men's clothing business in that region to advise and represent Crown Clothing in its dealings with clothing manufacturers in that area.

8.    On or about March 1, 1995, Crown Clothing entered into a Contract with Randcore, a copy of which is attached hereto as Exhibit A (hereinafter "Contract"). Pursuant to the Contract, Randcore and its principal Andre Bernard agreed to represent Crown Clothing's interests and to serve as agent for Crown Clothing in the Czech Republic, Slovakia and Bulgaria. In the Contract Randcore agreed to perform services for Crown Clothing which included locating manufacturers of men's suits and coats, representing Crown Clothing in all of its dealings with such manufacturers, negotiating prices and other terms, performance of quality control and inspections, assuring that trademarks and other property rights of others are not infringed, accomplish customs clearances, and to otherwise represent Crown Clothing's interests. Under the Contract Crown Clothing was to pay Randcore a commission based on a percentage of the garment price or a flat fee, as mutually agreed. Randcore sent invoices to Crown Clothing and Crown Clothing paid Randcore commissions for garments purchased by Crown Clothing from manufacturers in the Czech Republic, Slovakia and Bulgaria during the term of the Contract.

9.    The Contract expired by its express terms on December 31, 1996. Thereafter Randcore and Andre Bernard continued to perform the same agent services for Crown Clothing that Randcore had performed during the formal period of the Contract. No formal written document was executed by Crown Clothing or Randcore extending the term of the Contract or otherwise further defining the relationship between Crown Clothing and Randcore.

10.    Among the men's clothing manufacturers introduced to Crown Clothing by Andre Bernard was Albena Style AD ("Albena Style"), a corporation doing business at 55, 25-th September Boulevard, 9300 Dobrich, Bulgaria. In 1997 Andre Bernard negotiated a contract on behalf of Crown Clothing to have Albena Style manufacture men's overcoats for Crown Clothing. At the time that Crown Clothing first ordered garments from Albena Style, Andre

Bernard of Randcore represented to Richard Silverman and Robert Graci of Crown Clothing that Albena Style could not provide linings for overcoats that Albena Style would manufacture for Crown Clothing. Andre Bernard represented to Mr. Silverman and Mr. Graci that he would purchase and provide linings to Albena Style to incorporate into the overcoats that Albena Style would manufacture for Crown Clothing, and that his company would send invoices to Crown Clothing for the cost of the linings provided to Albena Style.

11.     Since 1997 Crown Clothing has purchased numerous overcoats from Albena Style. Randcore has invoiced, and Crown Clothing has paid to Randcore, a commission of $1.05 to $1.75 for each overcoat Albena Style has manufactured and sold to Crown Clothing. A copy of a typical invoice from Randcore is attached hereto as Exhibit B. In addition, Rand has invoiced and Crown Clothing has paid Rand for a lining for each coat manufactured by and sold to Crown by Albena Style at prices of $2.63, $2.88 and $3.21 per garment. A copy of a typical invoice from Rand is attached hereto as Exhibit C.

12.     In late August or early September, 2004, during a telephone conversation with the Executive Director of Albena Style in Dobrich, Bulgaria, Robert Graci of Crown Clothing learned that Andre Bernard's 1997 statement to Mr. Silverman and Mr. Graci that Albena Style could not provide linings for overcoats manufactured for Crown Clothing was false. This was the first time that Crown Clothing had any knowledge that Andre Bernard's representations were false. In addition, during the same telephone conversation Mr. Graci was told for the first time that Albena Style had purchased and installed linings in every overcoat manufactured for Crown Clothing by Albena Style and that the cost of these linings was included in the invoiced price paid by Crown Clothing to Albena Style.

13.    The representations by Andre Bernard to Crown Clothing that Albena Style could not supply linings for men's coats to be manufactured by Albena Style for Crown Clothing were false, and Andre Bernard knew them to be false.

14.    The representations by Andre Bernard to Crown Clothing that Andre Bernard would purchase linings and provide them to Albena Style to be included in men's overcoats to be manufactured by Albena Style for Crown Clothing were false, and Andre Bernard knew them to be false

15.    Crown Clothing paid Rand's invoices for linings in reasonable reliance upon representations by Andre Bernard to Richard Silverman and Robert Graci.

16.    Crown Clothing has paid Rand more than $776,873 for linings to be installed in overcoats manufactured by Albena Style for Crown Clothing.  In addition, because amounts that Crown Clothing paid to Rand for linings were a cost that was required to be included in the dutiable cost on which Crown Clothing was required to pay United States customs duties, Crown Clothing has overpaid more than $134,243.99 in U. S. customs duties.  Crown Clothing has also sustained other damages including but not limited to loss of business and other incidental and consequential damages as a result of its reliance upon the defendants' misrepresentations as aforealleged.

## COUNT I – BREACH OF FIDUCIARY DUTY

17.    Paragraphs 1 through 16 are incorporated by reference.

18.    Crown Clothing employed Andre Bernard and his corporation Randcore to act as its agent and on its behalf to locate manufacturers of men's suits and coats in the Czech Republic, Slovakia and Bulgaria, to negotiate prices and other contract terms, to conduct quality control and inspections, to assure that trademarks and other property rights of others are not

infringed, to perform customs clearances, and to otherwise represent Crown Clothing's interests in the Czech Republic, Slovakia and Bulgaria. On at least two occasions known to Crown Clothing, Ronald Bernard performed such services at Albena Style on behalf of Crown Clothing when Andre Bernard was unable to do so.

19.     Crown Clothing reasonably relied on Andre Bernard to faithfully perform these services.

20.     Andre Bernard and Randcore knew that Crown Clothing would be relying upon Andre Bernard and Randcore to faithfully perform these services.

21.     In breach of their fiduciary duties, Andre Bernard and Randcore:

    a.     misrepresented to Crown Clothing that Albena Style could not supply linings for overcoats that Albena Style was to manufacture for Crown Clothing,

    b.     misrepresented to Crown Clothing that Andre Bernard and Randcore would supply to Albena Style linings to be included in overcoats manufactured by Albena Style for Crown Clothing,

    c.     caused invoices to be sent to Crown Clothing for the cost of linings that Andre Bernard and Randcore did not purchase or provide to Albena Style.

22.     Andre Bernard and Randcore's breaches of their fiduciary duties caused damage to Crown Clothing.

## COUNT II -- FRAUD

23.     Paragraphs 1 through 22 are incorporated by reference.

24.     The misrepresentations by Andre Bernard and Rand were intentionally made.

25.    Upon information and belief, Ronald Bernard and Rand sent invoices to Crown Clothing for the costs of linings for overcoats manufactured by Albena Style for Crown Clothing knowing that none of the defendants had purchased or supplied linings to Albena Style for inclusion into overcoats manufactured for Albena Style.

26.    Crown Clothing has been damaged by the defendants' conduct as aforealleged.

## COUNT III – BREACH OF CONTRACT

27.    Paragraphs 1 through 26 are incorporated by reference.

28.    Rand invoiced Crown Clothing for a lining for each coat manufactured by and sold to Crown Clothing by Albena Style.

29.    Crown Clothing paid Rand's invoices.

30.    Crown Clothing's payments on Rand's invoices created a sales contract between Rand and Crown Clothing (the "Sales Contracts").

31.    Crown Clothing performed under the Sales Contracts.

32.    Rand breached the Sales Contracts through its failure to deliver linings to Albena Style for the overcoats.

33.    Rand's breach of the Sales Contracts caused damage to Crown Clothing.

## COUNT IV – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

34.    Paragraphs 1 through 33 are incorporated by reference.

35.    The defendants' conduct as alleged herein is a breach of the implied covenant good faith and fair dealing in the Contract and the Sales Contracts.

36.    The defendants' breach caused damage to Crown Clothing Corporation.

## COUNT V – CONVERSION

37.     Paragraphs 1 through 36 are incorporated by reference.

38.     The defendants made the misrepresentations to Crown Clothing and caused invoices to be sent to Crown Clothing in order to convert Crown Clothing's money for their own use.

39.     The conduct of the defendants as aforealleged caused damage to Crown Clothing.

## COUNT VI – CONSPIRACY

40.     Paragraphs 1 through 39 are incorporated by reference.

41.     At least as early as 1997, Andre Bernard, Ronald Bernard, Randcore, and Rand, acting in combination, consciously conspired and deliberately pursued a common plan to defraud Crown Clothing. The conspiracy manifested in the following events, among others:

a.  The misrepresentations alleged in paragraph 10 of this Complaint,

b.  Sending invoices from Rand to Crown Clothing for linings as alleged in paragraph 11 of this Complaint, and

c.  Concealing from Crown Clothing that Albena Style provided linings for all overcoats manufactured for Crown Clothing.

42.     In furtherance of said conspiracy and common plan the defendants and each of them expressly or tacitly agreed to the misrepresentations, sent the Randcore and Rand invoices to Crown Clothing, profited from their fraudulent conduct, and concealed their fraudulent conduct.

43.     Crown Clothing has been damaged by the defendants' conduct as aforealleged.

## COUNT VII -- UNFAIR BUSINESS PRACTICES

44.   Paragraphs 1 through 44 are incorporated by reference.

45.   The defendants' conduct as alleged, and the damages sustained by Crown

Clothing occurred, primarily and substantially within the Commonwealth of Massachusetts.

46.   Under Mass. G.L. c. 93A, §11, Crown is entitled to its damages, multiple

damages, costs and attorney's fees.

**WHEREFORE**, the plaintiff requests:

A.   That it be awarded its damages, together with interest and costs;

B.   That it be awarded multiple damages, costs and attorney's fees in accordance with

Mass. G.L. c. 93A, §11; and

C.   That it be awarded such further relief as is just.

CROWN CLOTHING CORPORATION,

By its attorneys,

John C. Wyman (BBO #535620)
Ryan MacDonald (BBO #654688)
Murtha Cullina LLP
99 High Street, 20th Floor
Boston, MA 02110-2320
(617) 457-4000

Dated:  December ___, 2004

# ₭ANDCORE International Trading Inc.

# Invoice

**267 5th avenue**
New York, NY  10016
Phone: 212-889-5010
Fax:  212-685-2346

DATE JUNE.18.2004
INVOICE # 0025

**To:**
CROWN CLOTHING CORP
340 VANDERBILT AVE.
NORWOOD  MA 02062
USA

**Comments or Special Instructions:**

| SALESPERSON | P.O. NUMBER | SHIP DATE | SHIP VIA | F.O.B. POINT | TERMS |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

| QUANTITY | DESCRIPTION | UNIT PRICE | | AMOUNT |
|---|---|---|---|---|
|  | MONIES DUE ON ALBENA INVOICE 311 - 03.06.2004 |  |  |  |
| 1992 | SENTRY MEN'S COATS | $    1.30 |  | $    2,589.60 |
|  |  |  | SUBTOTAL | $    2,589.60 |
|  |  |  | OTHERS |  |
|  |  |  | TOTAL | $    2,589.60 |

AFP'D    DATE | ADJ. | VEND # 4711
WHSE    DTE REC | INV REC 8/31  ENT. COM
SELECT | DTE PAID  CHK#

AGENCY AGREEMENT     Page 1

1. PARTIES TO THIS AGREEMENT:

Purchaser:   CROWN CLOTHING CORP.
425 Providence Highway
Westwood, Mass.   02090

AGENT:   RANDCORE, INC.
230 Fifth Avenue
New York, N.Y.   10001

2. ENGAGEMENT:

Purchaser hereby engages Agent on an exclusive basis to facilitate the purchase of merchandise by the Purchaser from particular factories in Czech Republic, Slovakia, and Bulgaria, and Agent hereby accepts such engagement, subject to the terms and conditions contained herein.

3. EFFECTIVE DATE:—March 1, 1995—— This Agreement contains all previous understandings regarding the matters addressed herein.

4. PERIOD OF ENGAGEMENT AND TERMINATION:
This engagement by the Purchaser of Agent shall terminate on December 31, 1996.

5. DUTIES AND RESPONSIBILITIES OF THE AGENT:
   A. Agent shall perform the following services: (1) submit samples to Purchaser of merchandise to be manufactured in those countries covered by this Agreement, (2) use its best efforts to negotiate prices for the merchandise mutually acceptable to the purchaser and the factory, (3) carefully review and select factories that are capable of producing merchandise in acceptable quality standards within the dates required by Purchaser, and (4) upon Agreement instructions of the purchaser, establish purchasing contract with the factories.

   Agent shall have no authority to bind Purchaser except upon written agreement by Richard Silverman. The Purchaser shall be relying on the expertise and review of Agent in the selection of factories.

   B. Agent will carefully inspect the production and packaging of the merchandise in accordance with generally accepted random sampling techniques to ensure that Purchaser's requirements for the merchandise have been completely satisfied.

   C. Agent represents and warrants that the merchandise ordered on behalf of

Purchaser does not infringe on any trademark, tradedress, copyright, patent, servicemark, or other similar property right of any part (Property Right).

   D. In the event of a dispute of claim by Purchaser against the factory relating to the merchandise, including by not limited to, faulty or defective merchandise, failure to meet production and/or delivery deadlines, failure to meet appropriate U.S. Tariff content requirements, or allegations of infringement of a Property Right, Agent shall use its best efforts to negotiate and settle such claims provided, however any such claims may not be asserted by Purchaser directly against Agent.

   E. Agent shall arrange that the following documents required for U.S. Customs Entry be sent to Purchaser, these documents to include:

*Commercial Invoice

\*Packing List
\*Other Documents when required:

\*Component weight/cost breakdown.
\* Visaed Invoice or Visaed Special Customs Invoice, Form 5515.
\*Country of Origin Declaration.
\*Documents specially required in Letter of Credit.

## 6. TERMS OF PURCHASE:

Unless otherwise specified, all orders placed by Agent for the account of Purchaser shall be made on an Ex-Factory basis. Commercial invoices will be prepared by the factories as the sellers on the basis of the price (s) paid to the factories, exclusive of the commission provided for herein.

## 7. RESPONSIBILITIES AND THE DUTIES OF THE PURCHASER:

A. For providing above services, the Purchaser will pay Agent a commission based on a percentage of the Ex-Factory Country of Origin price or a flat fee per unit as mutually agreed upon, which commission will be indicated on the Purchaser's order sheet.

B. The Purchaser shall make payment of the above-stated commission within thirty (30) days of completion of the following requirements: (1) Presentation by Agent of its invoice for said commission, and (2) acceptance by the Purchaser of the covered shipment in the condition as specified in the purchase contract. Purchaser shall have the right to withhold or offset any funds within its possession due Agent if Agent fails to perform any of its obligations under this Agreement.

C. Except as otherwise provided in this Agreement, the Purchaser shall be the importer of record and will be responsible for all import duties. Except as otherwise herein provided, Agent shall at no time have or be deemed to have title to the merchandise, nor shall Agent bear any loss with respect to any merchandise procured for the Purchaser.

## 8. PAYMENT FOR GOODS:

Unless otherwise specified on the Purchase Contract, merchandise will be paid for by a Letter of Credit to be instituted by the Purchaser with the supplying factory (seller) as sole beneficiary ninety (90) days prior to the agreed shipping date, and upon acceptance by the Purchaser of a Pro Forma Invoice which states:

1. Purchaser's Cut Numbers
2. Name and Address of Factory
3. Country of Origin
4. Shipping Date
5. Terms of Sale
6. Cost per unit
7. Quantity

## 9. SEPARATION OF INTEREST:

Agent represents and warrants as to each order placed by Company with Agent's assistance that:

a. It has no ownership interest in, or any control of, or any financial interest in the factories or manufacturers or other suppliers making the merchandise purchased.

b. It does not on its own account sell raw materials to the factories, manufacturers or other suppliers making such merchandise unless instructed to by the Purchaser.

c. The factories, manufacturers of other suppliers have no ownership interest in., or any control, or any financial interest in Agent.

d. It will not share commissions in any manner with manufacturers, suppliers, or any other persons or entities and Agent shall defend, indemnify and hold Purchaser harmless from all costs, additional duties, penalties and damages incurred by Purchaser as a result of a breach of any of the above-cited warranties of Section 9, Separation of Interest.

10. SOLE AGREEMENT:

a. This agreement is the sole agreement between Crown Clothing Corp. and Randcore , Inc. and all other agreements, if any, prior to this are null and void.

AGREEMENT ACCEPTED BY:


RANDCORE, INC.

BY: _____

DATED: _____9/30/95_____


CROWN CLOTHING CORP.

BY: _____

DATE: _____

09/21/04  TUE 11:04 FAX 781 762   68     ATLANTIC TECHNOLOGY

# International Trading Inc.

# Invoice

*57 5th avenue*
New York, NY  10016
Phone: 212-889-5010
Fax:  212-685-2346

DATE JUNE.18.2004
INVOICE # 0026 ✓

To:
CROWN CLOTHING CORP
340 VANDERBILT AVE.
NORWOOD  MA 02062
USA

*John,*
*These are typical invoices for*
*Lining charges that he never*
*Provided. Each invoice represents*
*1 container load of product*

**Comments or Special Instructions:**

| SALESPERSON | P.O. NUMBER | SHIP DATE | SHIP VIA | F.O.B. POINT | TERMS |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

| QUANTITY | DESCRIPTION | UNIT PRICE | | AMOUNT |
|---|---|---|---|---|
|  | MONIES DUE ON ALBENA INVOICE 311 - 03.06.2004 |  |  |  |
| 1992 | SENTRY MEN'S COATS | $    2.88 |  | $    5,736.96 |

APP'D  DATE    ADJ.    VEND # 4710
WHSE  DTE.REC.    INV REC    ENT. COMP
SELECT    DTE PAID    CHK#

|  |  |  | SUBTOTAL | $ | 5,736.96 |
|  |  |  | OTHERS |  |  |
|  |  |  | TOTAL | $ | 5,736.96 |

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
BUSINESS LITIGATION SESSION
CIVIL ACTION NO.

04-5313

CROWN CLOTHING CORPORATION,
        Plaintiff

v.

RANDCORE, INC.,
RAND INTERNATIONAL TRADING,
INC. ANDRE BERNARD, AND
RONALD BERNARD,
        Defendants

]
]
]
]
]
]
]
]
]
]



**COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED

DEC 07 2004

SUPERIOR COURT - CIVIL
JOSEPH DONOVAN
CLERK / MAGISTRATE

This is an action to recover sums paid by the plaintiff to the defendants in reasonable reliance upon the defendants' agreement to act in the best interests of the plaintiff and upon misrepresentations and other fraudulent conduct on the part of the defendants.

1.    The plaintiff Crown Clothing Corporation (hereinafter "Crown Clothing") is a Massachusetts corporation with a principal place of business at 340 Vanderbilt Avenue, Norwood, MA 02062. Crown Clothing is a designer and importer of men's suits, sportcoats, overcoats and raincoats which it sells to retail stores throughout the United States. With exception of a New York City sales office staffed by three employees, all of Crown Clothing's activities occur within the Commonwealth of Massachusetts.

2.    The defendant Randcore, Inc., ("RandCore") is a New York corporation with a principal place of business at 267 Fifth Avenue, New York, NY 10016.

3.    The defendant Rand International Trading, Inc., ("Rand") is a New York corporation with a principal place of business at 267 Fifth Avenue, New York, NY 10016.

4.    The defendant Andre Bernard is an individual resident of New York who lives at 5 Kitchel Road, Mount Kisco, New York. At all times material hereto, upon information and belief, Andre Bernard was an officer of and owned 100% of the stock of Randcore.

5.    Ronald Bernard is an individual resident of New York who lives at 444 East 82nd Street, New York, New York. Ronald Bernard is a brother of Andre Bernard. At all times material hereto, upon information and belief, Ronald Bernard has been an officer of and owned 100% of the stock of Rand. On two occasions Roland Bernard traveled to Albena Style in Dobrich, Bulgaria to assist Crown Clothing representatives when Andre Bernard was not available to do so.

6.    In connection with the services that the defendants performed for Crown Clothing, Andre Bernard periodically met with Crown Clothing employees in Massachusetts, regularly telephoned Crown Clothing representatives in Massachusetts, and sent letters and reports to Crown Clothing in Massachusetts. At all times Randcore and Rand sent invoices to Crown Clothing in Massachusetts, which Crown Clothing paid with funds on deposit with banking institutions located in Massachusetts. All damages sustained by Crown Clothing occurred in Massachusetts.

7.    In 1995 Crown Clothing decided to have some of its men's suits and overcoats manufactured in Eastern Europe. Because of the distances from its Massachusetts offices, language differences, and differing business and legal practices and requirements, Crown Clothing determined that it needed to retain a person experienced in the men's clothing business in that region to advise and represent Crown Clothing in its dealings with clothing manufacturers in that area.

8.  On or about March 1, 1995, Crown Clothing entered into a Contract with Randcore, a copy of which is attached hereto as <u>Exhibit A</u> (hereinafter "Contract"). Pursuant to the Contract, Randcore and its principal Andre Bernard agreed to represent Crown Clothing's interests and to serve as agent for Crown Clothing in the Czech Republic, Slovakia and Bulgaria. In the Contract Randcore agreed to perform services for Crown Clothing which included locating manufacturers of men's suits and coats, representing Crown Clothing in all of its dealings with such manufacturers, negotiating prices and other terms, performance of quality control and inspections, assuring that trademarks and other property rights of others are not infringed, accomplish customs clearances, and to otherwise represent Crown Clothing's interests. Under the Contract Crown Clothing was to pay Randcore a commission based on a percentage of the garment price or a flat fee, as mutually agreed. Randcore sent invoices to Crown Clothing and Crown Clothing paid Randcore commissions for garments purchased by Crown Clothing from manufacturers in the Czech Republic, Slovakia and Bulgaria during the term of the Contract.

9.  The Contract expired by its express terms on December 31, 1996. Thereafter Randcore and Andre Bernard continued to perform the same agent services for Crown Clothing that Randcore had performed during the formal period of the Contract. No formal written document was executed by Crown Clothing or Randcore extending the term of the Contract or otherwise further defining the relationship between Crown Clothing and Randcore.

10.  Among the men's clothing manufacturers introduced to Crown Clothing by Andre Bernard was Albena Style AD ("Albena Style"), a corporation doing business at 55, 25-th September Boulevard, 9300 Dobrich, Bulgaria. In 1997 Andre Bernard negotiated a

290012-5

12/7/2004

contract on behalf of Crown Clothing to have Albena Style manufacture men's overcoats for Crown Clothing. At the time that Crown Clothing first ordered garments from Albena Style, Andre Bernard of Randcore represented to Richard Silverman and Robert Graci of Crown Clothing that Albena Style could not provide linings for overcoats that Albena Style would manufacture for Crown Clothing. Andre Bernard represented to Mr. Silverman and Mr. Graci that he would purchase and provide linings to Albena Style to incorporate into the overcoats that Albena Style would manufacture for Crown Clothing, and that his company would send invoices to Crown Clothing for the cost of the linings provided to Albena Style.

11. Since 1997 Crown Clothing has purchased numerous overcoats from Albena Style. Randcore has invoiced, and Crown Clothing has paid to Randcore, a commission of $1.05 to $1.75 for each overcoat Albena Style has manufactured and sold to Crown. A copy of a typical invoice from Randcore is attached hereto as Exhibit B. In addition, Rand has invoiced and Crown has paid Rand for a lining for each coat manufactured by and sold to Crown by Albena Style at prices of $2.63, $2.88 and $3.21 per garment. A copy of a typical invoice from Rand is attached hereto as Exhibit C.

12. In late August or early September, 2004, during a telephone conversation with the Executive Director of Albena Style in Dobrich, Bulgaria, Robert Graci of Crown Clothing learned that Andre Bernard's 1997 statement to Mr. Silverman and Mr. Graci that Albena Style could not provide linings for overcoats manufactured for Crown Clothing was false. This was the first time that Crown Clothing had any knowledge that Andre Bernard's representations were false. In addition, during the same telephone conversation Mr. Graci was told for the first time that Albena Style had purchased and installed linings in every

overcoat manufactured for Crown Clothing by Albena Style and that the cost of these linings was included in the invoiced price paid by Crown Clothing to Albena Style.

13.    The representations by Andre Bernard to Crown Clothing that Albena Style could not supply linings for men's coats to be manufactured by Albena Style for Crown Clothing were false, and Andre Bernard knew them to be false.

14.    The representations by Andre Bernard to Crown Clothing that Andre Bernard would purchase linings and provide them to Albena Style to be included in men's overcoats to be manufactured by Albena Style for Crown Clothing were false, and Andre Bernard knew them to be false

15.    Crown Clothing paid Rand's invoices for linings in reasonable reliance upon representations by Andre Bernard to Richard Silverman and Robert Graci.

16.    Crown Clothing has paid Rand more than $776,873 for linings to be installed in overcoats manufactured by Albena Style for Crown Clothing. In addition, because amounts that Crown Clothing paid to Rand for linings were a cost that was required to be included in the dutiable cost on which Crown Clothing was required to pay United States customs duties, Crown Clothing has overpaid more than $134,243.99 in U. S. customs duties. Crown Clothing has also sustained other damages including but not limited to loss of business and other incidental and consequential damages as a result of its reliance upon the defendants' misrepresentations as aforealleged.

## COUNT I – BREACH OF FIDUCIARY DUTY

17.    Paragraphs 1 through 16 are incorporated by reference.

18.    Crown Clothing employed Andre Bernard and his corporation Randcore to act as its agent and on its behalf to locate manufacturers of men's suits and coats in the Czech

290612-5                                                                            12/7/2004

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 04-5313-BLS

CROWN CLOTHING CORPORATION

, Pltf(s),

v.

ANDRE BERNARD, ET AL

, Def(s).

## SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

---

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 200___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

Dated: _____, 200___

---

N.B.   TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

, 200___

Republic, Slovakia and Bulgaria, to negotiate prices and other contract terms, to conduct quality control and inspections, to assure that trademarks and other property rights of others are not infringed, to perform customs clearances, and to otherwise represent Crown Clothing's interests in the Czech Republic, Slovakia and Bulgaria. On at least two occasions known to Crown Clothing, Ronald Bernard performed such services at Albena Style on behalf of Crown Clothing when Andre Bernard was unable to do so.

19.     Crown Clothing reasonably relied on Andre Bernard to faithfully perform these services.

20.     Andre Bernard and Randcore knew that Crown Clothing would be relying upon Andre Bernard and Randcore to faithfully perform these services.

21:     In breach of their fiduciary duties, Andre Bernard and Randcore:

   a.     misrepresented to Crown Clothing that Albena Style could not supply linings for overcoats that Albena Style was to manufacture for Crown Clothing,

   b.     misrepresented to Crown Clothing that Andre Bernard and Randcore would supply to Albena Style linings to be included in overcoats manufactured by Albena Style for Crown Clothing,

   c.     caused invoices to be sent to Crown Clothing for the cost of linings that Andre Bernard and Randcore did not purchase or provide to Albena Style.

22.     Andre Bernard and Randcore's breaches of their fiduciary duties caused damage to Crown Clothing.

## COUNT II -- FRAUD

23.    Paragraphs 1 through 22 are incorporated by reference.

24.    The misrepresentations by Andre Bernard and Rand were intentionally made.

25.    Upon information and belief, Ronald Bernard and Rand sent invoices to Crown Clothing for the costs of linings for overcoats manufactured by Albena Style for Crown Clothing knowing that none of the defendants had purchased or supplied linings to Albena Style for inclusion into overcoats manufactured for Albena Style.

26.    The conduct of the defendants as aforealleged caused damage to Crown Clothing Corporation.

## COUNT III -- CONSPIRACY

27.    Paragraphs 1 through 26 are incorporated by reference.

28.    At least as early as 1997, Andre Bernard, Ronald Bernard, Randcore, and Rand, acting in combination, consciously conspired and deliberately pursued a common plan to defraud Crown Clothing. The conspiracy manifested in the following events, among others:

   a.   The misrepresentations alleged in paragraph 10 of this Complaint,

   b.   Sending invoices from Rand to Crown Clothing for linings as alleged in paragraph 11 of this Complaint, and

   c.   Concealing from Crown Clothing that Albena Style provided linings for all overcoats manufactured for Crown Clothing.

29.    In furtherance of said conspiracy and common plan the defendants and each of them expressly or tacitly agreed to the misrepresentations, sent the Randcore and Rand

invoices to Crown Clothing, profited from their fraudulent conduct, and concealed their fraudulent conduct.

30.  Crown Clothing has been damaged by the defendants' conduct as aforealleged.

## COUNT IV — UNFAIR BUSINESS PRACTICES

31.  Paragraphs 1 through 30 are incorporated by reference.

32.  The defendants' conduct as alleged, and the damages sustained by Crown Clothing occurred, primarily and substantially within the Commonwealth of Massachusetts.

33.  Under Mass. G.L. c. 93A, §11, Crown is entitled to its damages, multiple damages, costs and attorney's fees.

**WHEREFORE**, the plaintiff requests:

A.  That it be awarded its damages, together with interest and costs;

B.  That it be awarded multiple damages, costs and attorney's fees in accordance with Mass. G.L. c. 93A, §11; and

C.  That it be awarded such further relief as is just.

By its attorneys,

John C. Wyman (BBO #535620)
Ryan MacDonald (BBO #654688)
Murtha Cullina LLP
99 High Street, 20th Floor
Boston, MA 02110-2320
(617) 457-4000

Dated: December 7, 2004

12/7/2004

290612-5

# DEMAND FOR TRIAL BY JURY

The plaintiff Crown Clothing Corporation demands trial by jury.

By its attorneys,

John C. Wyman (BBO #535620)
Ryan MacDonald (BBO #654688)
Murtha Cullina LLP
99 High Street, 20th Floor
Boston, MA 02110-2320
(617) 457-4000

Dated: December 7, 2004

# Commonwealth of Massachusetts

SUFFOLK. ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-5313-BLS

CROWN CLOTHING CORPORATION , Plaintiff(X)

v.

ANDRE BERNARD, ET AL , Defendant(s)

## SUMMONS

Andre Bernard of 5 Mitchel Road,
Mount Kisco, NY 10549

To the above-named Defendant:

You are hereby summoned and required to serve upon ___John C. Wyman___
Murtha Cullina LLP

plaintiff's attorney, whose address is __99 High Street, Boston, MA 02110-2320__ , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse** , Esquire, at Boston, the ___seventh___ day of
December , in the year of our Lord two thousand ___four___ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
(1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

# MURTHA CULLINA LLP

**A T T O R N E Y S   A T   L A W**

99 HIGH STREET
BOSTON, MASSACHUSETTS 02110-2320

TELEPHONE (617) 457-4000
FACSIMILE (617) 482-3868
www.murthalaw.com

December 7, 2004

**VIA CERTIFIED MAIL**
**RETRUN RECEIPT REQUESTED**
Andre Bernard
5 Kitchel Road
Mount Kisco, NY 10549

RE: Crown Clothing Corporation
VS. Randcore, Inc.
Rand International Trading, Inc.
Andre Bernard and Ronald Bernard

Dear Mr. Bernard:

Enclosed herewith please find a Summons, Complaint and First Request of the Plaintiff Crown Clothing Corporation for Production of Documents relative to the above referenced matter.

Very truly yours,

Ryan M. MacDonald

RMM/lmp
Enc.

DEC. 15. 2004  4:15PM    LASSER HOCHMAN

| CIVIL ACTION COVER SHEET | DOCKET NO (S) B.L.S. 04-5313 | Trial Court of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|

DEFENDANT(S) Iandcore, Inc., Rand International Trading, Inc. Andre Bernard and Ronald Bernard

PLAINTIFF(S)  Crown Clothing Corporation

ATTORNEY (if known)

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
John C. Wyman (BBO#535620)
Ryan M. MacDonald (BBO#654688)
Board of Bar Overseers Number Murtha Cullins LLP
99 High St. Boston, MA 02110

Origin Code

Original Complaint

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)
IS THIS A JURY CASE?

TYPE OF ACTION (specify)    TRACK

CODE NO.    Breach of fiduciary    ( B )    ( X )Yes    ( ) No
BE.1    duty and fraud

The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.

See attached Statement of Facts

RECEIVED

DEC 07 2004

SUPERIOR COURT · CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

*A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

DATE: 12/1/04

Signature of Attorney of Record

AOTC-6 mtc0 11/99
A.O.S.C. 1-2000

## STATEMENT OF FACTS IN SUPPORT OF THE PLAINTIFF'S APPLICATION TO THE BUSINESS LITIGATION SESSION

The plaintiff Crown Clothing Corporation ("Crown Clothing") entered into a contract with the defendant Randcore, Inc. ("RandCore") in 1995 under which RandCore and its principal, defendant Andre Bernard, agreed to serve as agent for Crown Clothing in the Czech Republic, Slovakia and Bulgaria. Randcore and Andre Bernard agreed to perform services for Crown Clothing that included, among other things, locating manufacturers of men's suits and overcoats, negotiating prices, performing quality checks and other terms.

In 1997 Andre Bernard negotiated a contract for Crown Clothing to purchase men's overcoats from a Bulgarian corporation named Albena Style AD ("Albena Style"). Defendant Andre Bernard of RandCore represented to Crown Clothing that Albena Style would not be able to provide linings for the overcoats and that he would purchase and provide linings to be incorporated into the overcoats that Albena Style manufactured for Crown Clothing. Since 1997 Crown Clothing has purchased numerous overcoats from Albena Style. The defendant Rand International Trading, Inc. ("Rand") (a corporation owned by Ronald Bernard, a brother of Andre Bernard) has invoiced to Crown Clothing and Crown Clothing had paid to Rand more than $776,873 for the costs of linings for overcoats manufactured and sold to Crown Clothing by Albena Style.

In 2004, Crown Clothing learned for the first time that Andre Bernard misrepresented that Albena Style could not supply linings for the overcoats and that Bernard was purchasing linings installed into overcoats manufactured by Albena Style for Crown Clothing. Albena Style has informed Crown Clothing that Albena Style purchased linings for overcoats it manufactured for Crown Clothing and that the cost of the linings was included in the invoiced prices paid by Crown Clothing to Albena Style.

Crown Clothing's claims involve allegations of breaches of fiduciary duty, conspiracy, fraud and unfair business practices under M.G.L. c. 93A § 11. These claims involve complex legal and factual issues arising out of a complex scheme by the defendants RandCore, Rand, Andre Bernard and Ronald Bernard to defraud Crown Clothing. Damages sustained by Crown Clothing include, in addition to the more than $776,873 paid to Rand for linings for overcoats, more than more than $134,243.99 in U.S. customs duties overpaid by Crown Clothing in reliance on Randcore's misrepresentations, damages for lost business and other incidental and consequential damages. Because of the sophisticated legal and factual issues that are likely to arise in this case, this case is appropriate for assignment to the Business Litigation Session.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) __Crown Clothing Corporation v. Randcore, Inc.__

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See

    local rule 40.1(a)(1)).

    [ ]     I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    [ ]     II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
                    740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    [X]     III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                    315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                    380, 385, 450, 891.

    [ ]     IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                    690, 810, 861-865, 870, 871, 875, 900.

    [ ]     V.      150, 152, 153.

3.  Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in
    this district please indicate the title and number of the first filed case in this court.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                YES [ ]    NO [X]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
    28 USC §2403)

                                                                YES [ ]    NO [X]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                YES [ ]    NO [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                YES [ ]    NO [X]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
    40.1(d)).

                                                                YES [X]    NO [ ]

        A.      If yes, in which division do all of the non-governmental parties reside?

                Eastern Division    [X]       Central Division    [ ]      Western Division    [ ]

        B.      If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
                agencies, residing in Massachusetts reside?

                Eastern Division    [ ]       Central Division    [ ]      Western Division    [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If
    yes, submit a separate sheet identifying the motions)

                                                                YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME __Jeffrey S. Stern_____

ADDRESS _____Sugarman, Rogers, Barshak & Cohen, P.C., 101 Merrimac Street, Boston, MA 02114___

TELEPHONE NO. __617-227-3030_____

(Coversheetlocal.wpd - 10/17/02)

# CIVIL COVER SHEET

🖉 JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

Crown Clothing Corporation

## DEFENDANTS

Randcore, Inc., Rand International Trading, Inc.
Andre Bernard, and Ronald Bernard

**(b)**  County of Residence of First Listed Plaintiff  ~~Suffolk~~
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)
John C. Wyman, Esquire   Tel. 617-457-4000
Murtha Cullina LLP, 99 High St., Boston, MA 02110

Attorneys (If Known)
Jeffrey S. Stern, Esq., Sugarman, Rogers, Barshak
& Cohen, P.C., 101 Merrimac, Boston, 02110

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☒ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange |
| | | | **PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District Judge from Magistrate Judgment |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332
Brief description of cause:  (Pltf, principal place of business in MA; Defendants
Diversity of Parties  principal place of business in NY)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  1-__-05

SIGNATURE OF ATTORNEY OF RECORD
_Jeffry S. [signature]_

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____