MAS-:.. 0912

guen

# Commonwealth of Massachusetts
### SUFFOLK SUPERIOR COURT
#### Case Summary
#### Civil Docket

01/13/2005
10:41 AM

FILED
IN CLERKS OFFICE

## SUCV2004-05313
## Crown Clothing Corporation v Randocore, Inc. et al

2005 JAN 25  P 3: 31

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | | | |
|---|---|---|---|---|
| **File Date** | 12/07/2004 | **Status** | Disposed: transfered to other court (dtrans) | |
| **Status Date** | 01/12/2005 | **Session** | BLS - CtRm 6 | |
| **Origin** | 1 | **Case Type** | BE1 - Fraud, business torts, etc | |
| **Lead Case** | | **Track** | B | |

| | | | |
|---|---|---|---|
| **Service** | | **Answer** | **Rule12/19/20** |
| **Rule 15** | | **Discovery** | **Rule 56** |
| **Final PTC** | | **Disposition** | **Jury Trial**   Yes |

### PARTIES

**Plaintiff**
Crown Clothing Corporation
Active 12/07/2004

Private Counsel 535620
John C Wyman
Murtha Cullina LLP
99 High Street
20th floor
Boston, MA 02110
Phone: 617-451-9300
Fax: 617-482-3868
Active 12/07/2004 Notify

**Defendant**
Randocore, Inc
Service pending 12/07/2004

Private Counsel 479460
Jeffrey S Stern
Sugarman Rogers Barshak & Cohen
101 Merrimac Street
9th floor
Boston, MA 02114-4737
Phone: 617-227-3030
Fax: 617-523-4001
Active 01/12/2005 Notify

**Defendant**
Rand International Trading Inc
Service pending 12/07/2004

*** See Attorney Information Above ***

**Defendant**
Andre  Bernard
Service pending 12/07/2004

*** See Attorney Information Above ***

MAS-20030912
guen

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

01/13/2005
10:41 AM

## SUCV2004-05313
## Crown Clothing Corporation v Randocore, Inc et al

| **Defendant** | **Private Counsel 209420** |
|---|---|
| Ronald Bernard | Gary R Greenberg |
| Answered: 01/07/2005 | Greenberg Traurig |
| Answered 01/07/2005 | 1 International Place |
| | 3rd floor |
| | Boston, MA 02110- |
| | Phone: 617-310-6000 |
| | Fax: 617-310-6001 |
| | Active 01/07/2005 Notify |

**ENTRIES**

| Date | Paper | Text |
|---|---|---|
| 12/07/2004 | 1.0 | Complaint (Business) filed with request for trial by jury |
| 12/07/2004 | | Origin 1, Type BE1, Track B. |
| 12/07/2004 | 2.0 | Civil action cover sheet filed |
| 12/09/2004 | 3.0 | Notice of Acceptance Into The Business Litigation Session: (Allan van Gestel, Justice) Notice sent 12/9/04 |
| 12/21/2004 | 4.0 | Amended complaint of Crown Clothing Corporation |
| 01/07/2005 | 5.0 | ANSWER: Ronald Bernard(Defendant) to the amended complaint (Jury demand) all issues |
| 01/12/2005 | | Certified copy of petition for removal to U. S. Dist. Court of Defts .Randcore, Inc., Rand International Tranding, Inc. and Andre Bernard U. S. Dist.#(05-10049NG). |
| 01/12/2005 | | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

. HEREBY ATTEST AND CERTIFY ON

JAN. 13, 2005 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.

ASSISTANT CLERK.

*1*

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
BUSINESS LITIGATION SESSION
CIVIL ACTION NO.

04-5313 ₧.LS.

CROWN CLOTHING CORPORATION, ]
                 Plaintiff     ]
                               ]
v.                             ]
                               ]
RANDCORE, INC.,                 ]
RAND INTERNATIONAL TRADING, ]
INC. ANDRE BERNARD, AND      ]
RONALD BERNARD,           ]
                 Defendants    ]

**COMPLAINT**

<u>JURY TRIAL DEMANDED</u>

       This is an action to recover sums paid by the plaintiff to the defendants in reasonable

reliance upon the defendants' agreement to act in the best interests of the plaintiff and upon

misrepresentations and other fraudulent conduct on the part of the defendants.

       1.       The plaintiff Crown Clothing Corporation (hereinafter "Crown Clothing") is a

Massachusetts corporation with a principal place of business at 340 Vanderbilt Avenue,

Norwood, MA 02062.  Crown Clothing is a designer and importer of men's suits, sportcoats,

overcoats and raincoats which it sells to retail stores throughout the United States.  With

exception of a New York City sales office staffed by three employees, all of Crown

Clothing's activities occur within the Commonwealth of Massachusetts.

       2.       The defendant Randcore, Inc., ("RandCore") is a New York corporation with a

principal place of business at 267 Fifth Avenue, New York, NY 10016.

       3.       The defendant Rand International Trading, Inc., ("Rand") is a New York

corporation with a principal place of business at 267 Fifth Avenue, New York, NY 10016.

4.    The defendant Andre Bernard is an individual resident of New York who lives at 5 Kitchel Road, Mount Kisco, New York. At all times material hereto, upon information and belief, Andre Bernard was an officer of and owned 100% of the stock of Randcore.

5.    Ronald Bernard is an individual resident of New York who lives at 444 East 82nd Street, New York, New York. Ronald Bernard is a brother of Andre Bernard. At all times material hereto, upon information and belief, Ronald Bernard has been an officer of and owned 100% of the stock of Rand. On two occasions Roland Bernard traveled to Albena Style in Dobrich, Bulgaria to assist Crown Clothing representatives when Andre Bernard was not available to do so.

6.    In connection with the services that the defendants performed for Crown Clothing, Andre Bernard periodically met with Crown Clothing employees in Massachusetts, regularly telephoned Crown Clothing representatives in Massachusetts, and sent letters and reports to Crown Clothing in Massachusetts. At all times Randcore and Rand sent invoices to Crown Clothing in Massachusetts, which Crown Clothing paid with funds on deposit with banking institutions located in Massachusetts. All damages sustained by Crown Clothing occurred in Massachusetts.

7.    In 1995 Crown Clothing decided to have some of its men's suits and overcoats manufactured in Eastern Europe. Because of the distances from its Massachusetts offices, language differences, and differing business and legal practices and requirements, Crown Clothing determined that it needed to retain a person experienced in the men's clothing business in that region to advise and represent Crown Clothing in its dealings with clothing manufacturers in that area.

8.      On or about March 1, 1995, Crown Clothing entered into a Contract with Randcore, a copy of which is attached hereto as <u>Exhibit A</u> (hereinafter "Contract"). Pursuant to the Contract, Randcore and its principal Andre Bernard agreed to represent Crown Clothing's interests and to serve as agent for Crown Clothing in the Czech Republic, Slovakia and Bulgaria. In the Contract Randcore agreed to perform services for Crown Clothing which included locating manufacturers of men's suits and coats, representing Crown Clothing in all of its dealings with such manufacturers, negotiating prices and other terms, performance of quality control and inspections, assuring that trademarks and other property rights of others are not infringed, accomplish customs clearances, and to otherwise represent Crown Clothing's interests. Under the Contract Crown Clothing was to pay Randcore a commission based on a percentage of the garment price or a flat fee, as mutually agreed. Randcore sent invoices to Crown Clothing and Crown Clothing paid Randcore commissions for garments purchased by Crown Clothing from manufacturers in the Czech Republic, Slovakia and Bulgaria during the term of the Contract.

9.      The Contract expired by its express terms on December 31, 1996. Thereafter Randcore and Andre Bernard continued to perform the same agent services for Crown Clothing that Randcore had performed during the formal period of the Contract. No formal written document was executed by Crown Clothing or Randcore extending the term of the Contract or otherwise further defining the relationship between Crown Clothing and Randcore.

10.     Among the men's clothing manufacturers introduced to Crown Clothing by Andre Bernard was Albena Style AD ("Albena Style"), a corporation doing business at 55, 25-th September Boulevard, 9300 Dobrich, Bulgaria. In 1997 Andre Bernard negotiated a

contract on behalf of Crown Clothing to have Albena Style manufacture men's overcoats for Crown Clothing.  At the time that Crown Clothing first ordered garments from Albena Style, Andre Bernard of Randcore represented to Richard Silverman and Robert Graci of Crown Clothing that Albena Style could not provide linings for overcoats that Albena Style would manufacture for Crown Clothing.  Andre Bernard represented to Mr. Silverman and Mr. Graci that he would purchase and provide linings to Albena Style to incorporate into the overcoats that Albena Style would manufacture for Crown Clothing, and that his company would send invoices to Crown Clothing for the cost of the linings provided to Albena Style.

11.     Since 1997 Crown Clothing has purchased numerous overcoats from Albena Style.  Randcore has invoiced, and Crown Clothing has paid to Randcore, a commission of $1.05 to $1.75 for each overcoat Albena Style has manufactured and sold to Crown.  A copy of a typical invoice from Randcore is attached hereto as Exhibit B.  In addition, Rand has invoiced and Crown has paid Rand for a lining for each coat manufactured by and sold to Crown by Albena Style at prices of $2.63, $2.88 and $3.21 per garment.  A copy of a typical invoice from Rand is attached hereto as Exhibit C.

12.     In late August or early September, 2004, during a telephone conversation with the Executive Director of Albena Style in Dobrich, Bulgaria, Robert Graci of Crown Clothing learned that Andre Bernard's 1997 statement to Mr. Silverman and Mr. Graci that Albena Style could not provide linings for overcoats manufactured for Crown Clothing was false.  This was the first time that Crown Clothing had any knowledge that Andre Bernard's representations were false.  In addition, during the same telephone conversation Mr. Graci was told for the first time that Albena Style had purchased and installed linings in every

overcoat manufactured for Crown Clothing by Albena Style and that the cost of these linings was included in the invoiced price paid by Crown Clothing to Albena Style.

13.    The representations by Andre Bernard to Crown Clothing that Albena Style could not supply linings for men's coats to be manufactured by Albena Style for Crown Clothing were false, and Andre Bernard knew them to be false.

14.    The representations by Andre Bernard to Crown Clothing that Andre Bernard would purchase linings and provide them to Albena Style to be included in men's overcoats to be manufactured by Albena Style for Crown Clothing were false, and Andre Bernard knew them to be false

15.    Crown Clothing paid Rand's invoices for linings in reasonable reliance upon representations by Andre Bernard to Richard Silverman and Robert Graci.

16.    Crown Clothing has paid Rand more than $776,873 for linings to be installed in overcoats manufactured by Albena Style for Crown Clothing.  In addition, because amounts that Crown Clothing paid to Rand for linings were a cost that was required to be included in the dutiable cost on which Crown Clothing was required to pay United States customs duties, Crown Clothing has overpaid more than $134,243.99 in U. S. customs duties. Crown Clothing has also sustained other damages including but not limited to loss of business and other incidental and consequential damages as a result of its reliance upon the defendants' misrepresentations as aforealleged.

## COUNT I – BREACH OF FIDUCIARY DUTY

17.    Paragraphs 1 through 16 are incorporated by reference.

18.    Crown Clothing employed Andre Bernard and his corporation Randcore to act as its agent and on its behalf to locate manufacturers of men's suits and coats in the Czech

290612-5                                                                                                    12/7/2004

Republic, Slovakia and Bulgaria, to negotiate prices and other contract terms, to conduct quality control and inspections, to assure that trademarks and other property rights of others are not infringed, to perform customs clearances, and to otherwise represent Crown Clothing's interests in the Czech Republic, Slovakia and Bulgaria. On at least two occasions known to Crown Clothing, Ronald Bernard performed such services at Albena Style on behalf of Crown Clothing when Andre Bernard was unable to do so.

19.    Crown Clothing reasonably relied on Andre Bernard to faithfully perform these services.

20.    Andre Bernard and Randcore knew that Crown Clothing would be relying upon Andre Bernard and Randcore to faithfully perform these services.

21.    In breach of their fiduciary duties, Andre Bernard and Randcore:

   a.    misrepresented to Crown Clothing that Albena Style could not supply linings for overcoats that Albena Style was to manufacture for Crown Clothing,

   b.    misrepresented to Crown Clothing that Andre Bernard and Randcore would supply to Albena Style linings to be included in overcoats manufactured by Albena Style for Crown Clothing,

   c.    caused invoices to be sent to Crown Clothing for the cost of linings that Andre Bernard and Randcore did not purchase or provide to Albena Style.

22.    Andre Bernard and Randcore's breaches of their fiduciary duties caused damage to Crown Clothing.

## COUNT II -- FRAUD

23.     Paragraphs 1 through 22 are incorporated by reference.

24.     The misrepresentations by Andre Bernard and Rand were intentionally made.

25.     Upon information and belief, Ronald Bernard and Rand sent invoices to Crown Clothing for the costs of linings for overcoats manufactured by Albena Style for Crown Clothing knowing that none of the defendants had purchased or supplied linings to Albena Style for inclusion into overcoats manufactured for Albena Style.

26.     The conduct of the defendants as aforealleged caused damage to Crown Clothing Corporation.

## COUNT III – CONSPIRACY

27.     Paragraphs 1 through 26 are incorporated by reference.

28.     At least as early as 1997, Andre Bernard, Ronald Bernard, Randcore, and Rand, acting in combination, consciously conspired and deliberately pursued a common plan to defraud Crown Clothing.  The conspiracy manifested in the following events, among others:

> a.   The misrepresentations alleged in paragraph 10 of this Complaint,
>
> b.   Sending invoices from Rand to Crown Clothing for linings as alleged in paragraph 11 of this Complaint, and
>
> c.   Concealing from Crown Clothing that Albena Style provided linings for all overcoats manufactured for Crown Clothing.

29.     In furtherance of said conspiracy and common plan the defendants and each of them expressly or tacitly agreed to the misrepresentations, sent the Randcore and Rand

invoices to Crown Clothing, profited from their fraudulent conduct, and concealed their fraudulent conduct.

30.     Crown Clothing has been damaged by the defendants' conduct as aforealleged.

## COUNT IV -- UNFAIR BUSINESS PRACTICES

31.     Paragraphs 1 through 30 are incorporated by reference.

32.     The defendants' conduct as alleged, and the damages sustained by Crown Clothing occurred, primarily and substantially within the Commonwealth of Massachusetts.

33.     Under Mass. G.L. c. 93A, §11, Crown is entitled to its damages, multiple damages, costs and attorney's fees.

**WHEREFORE**, the plaintiff requests:

A.     That it be awarded its damages, together with interest and costs;

B.     That it be awarded multiple damages, costs and attorney's fees in accordance with Mass. G.L. c. 93A, §11; and

C.     That it be awarded such further relief as is just.

. HEREBY ATTEST AND CERTIFY ON
JAN. 13, 2005 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

ASSISTANT CLERK.
Dated: December 7, 2004

By its attorneys,

John C. Wyman (BBO #535620)
Ryan MacDonald (BBO #654688)
Murtha Cullina LLP
99 High Street, 20th Floor
Boston, MA 02110-2320
(617) 457-4000

290612-5

12/7/2004

## DEMAND FOR TRIAL BY JURY

The plaintiff Crown Clothing Corporation demands trial by jury.

By its attorneys,

John C. Wyman (BBO #535620)
Ryan MacDonald (BBO #654688)
Murtha Cullina LLP
99 High Street, 20th Floor
Boston, MA 02110-2320
(617) 457-4000

Dated:  December 7, 2004

EX A

AGENCY AGREEMENT    Page 1

1. PARTIES TO THIS AGREEMENT:

Purchaser:    CROWN CLOTHING CORP.
425 Providence Highway
Westwood, Mass. 02090

AGENT:    RANDCORE, INC.
230 Fifth Avenue
New York, N.Y. 10001

2. ENGAGEMENT:

Purchaser hereby engages Agent on an exclusive basis to facilitate the purchase of merchandise by the Purchaser from particular factories in Czech Republic, Slovakia, and Bulgaria, and Agent hereby accepts such engagement, subject to the terms and conditions contained herein.

3. EFFECTIVE DATE:—March 1, 1995—— This Agreement contains all previous understandings regarding the matters addressed herein.

4. PERIOD OF ENGAGEMENT AND TERMINATION:
This engagement by the Purchaser of Agent shall terminate on December 31, 1996.

5. DUTIES AND RESPONSIBILITIES OF THE AGENT:
   A. Agent shall perform the following services: (1) submit samples to Purchaser of merchandise to be manufactured in those countries covered by this Agreement, (2) use its best efforts to negotiate prices for the merchandise mutually acceptable to the purchaser and the factory, (3) carefully review and select factories that are capable of producing merchandise in acceptable quality standards within the dates required by Purchaser, and (4) upon Agreement instructions of the purchaser, establish purchasing contract with the factories.

   Agent shall have no authority to bind Purchaser except upon written agreement by Richard Silverman. The Purchaser shall be relying on the expertise and review of Agent in the selection of factories.

   B. Agent will carefully inspect the production and packaging of the merchandise in accordance with generally accepted random sampling techniques to ensure that Purchaser's requirements for the merchandise have been completely satisfied.

   C. Agent represents and warrants that the merchandise ordered on behalf of

   Purchaser does not infringe on any trademark, tradedress, copyright, patent, servicemark, or other similar property right of any part (Property Right).

   D. In the event of a dispute of claim by Purchaser against the factory relating to the merchandise, including by not limited to, faulty or defective merchandise, failure to meet production and/or delivery deadlines, failure to meet appropriate U.S. Tariff content requirements, or allegations of infringement of a Property Right, Agent shall use its best efforts to negotiate and settle such claims provided, however any such claims may not be asserted by Purchaser directly against Agent.

   E. Agent shall arrange that the following documents required for U.S. Customs Entry be sent to Purchaser, these documents to include:

*Commercial Invoice

\*Packing List
\*Other Documents when required:

\*Component weight/cost breakdown.
\* Visaed Invoice or Visaed Special Customs Invoice,
    Form 5515.
\*Country of Origin Declaration.
\*Documents specially required in Letter of Credit.

6. TERMS OF PURCHASE:

Unless otherwise specified, all orders placed by Agent for the account of Purchaser shall be made on an Ex-Factory basis. Commercial invoices will be prepared by the factories as the sellers on the basis of the price (s) paid to the factories, exclusive of the commission provided for herein.

7. RESPONSIBILITIES AND THE DUTIES OF THE PURCHASER:

A. For providing above services, the Purchaser will pay Agent a commission based on a percentage of the Ex-Factory Country of Origin price or a flat fee per unit as mutually agreed upon, which commission will be indicated on the Purchaser's order sheet.

B. The Purchaser shall make payment of the above-stated commission within thirty (30) days of completion of the following requirements: (1) Presentation by Agent of its invoice for said commission, and (2) acceptance by the Purchaser of the covered shipment in the condition as specified in the purchase contract. Purchaser shall have the right to withhold or offset any funds within its possession due Agent if Agent fails to perform any of its obligations under this Agreement.

C. Except as otherwise provided in this Agreement, the Purchaser shall be the importer of record and will be responsible for all import duties. Except as otherwise herein provided, Agent shall at no time have or be deemed to have title to the merchandise, nor shall Agent bear any loss with respect to any merchandise procured for the Purchaser.

8. PAYMENT FOR GOODS:

Unless otherwise specified on the Purchase Contract, merchandise will be paid for by a Letter of Credit to be instituted by the Purchaser with the supplying factory (seller) as sole beneficiary ninety (90) days prior to the agreed shipping date, and upon acceptance by the Purchaser of a Pro Forma Invoice which states:

1. Purchaser's Cut Numbers
2. Name and Address of Factory
3. Country of Origin
4. Shipping Date
5. Terms of Sale
6. Cost per unit
7. Quantity

9. SEPARATION OF INTEREST:

Agent represents and warrants as to each order placed by Company with Agent's assistance that:

a. It has no ownership interest in, or any control of, or any financial interest in the factories or manufacturers or other suppliers making the merchandise purchased.

b. It does not on its own account sell raw materials to the factories, manufacturers or other suppliers making such merchandise unless instructed to by the Purchaser.
c. The factories, manufacturers of other suppliers have no ownership interest in, or any control, or any financial interest in Agent.

d. It will not share commissions in any manner with manufacturers, suppliers, or any other persons or entities and Agent shall defend, indemnify and hold Purchaser harmless from all costs, additional duties, penalties and damages incurred by Purchaser as a result of a breach of any of the above-cited warranties of Section 9, Separation of Interest.

10. SOLE AGREEMENT:

   a. This agreement is the sole agreement between Crown Clothing Corp. and Randcore , Inc. and all other agreements, if any, prior to this are null and void.

AGREEMENT ACCEPTED BY:

RANDCORE, INC.

BY: _____

DATED: _____9/30/95_____

CROWN CLOTHING CORP.

BY: _____

DATE: _____

# RANDCORE International Trading Inc.

# Invoice

**267 5th avenue**
New York, NY 10016
Phone: 212-889-5010
Fax: 212-685-2346

DATE JUNE.18.2004
INVOICE # 0025

**To:**
CROWN CLOTHING CORP
340 VANDERBILT AVE.
NORWOOD MA 02062
USA

**Comments or Special Instructions:**

| SALESPERSON | P.O. NUMBER | SHIP DATE | SHIP VIA | F.O.B. POINT | TERMS |
|---|---|---|---|---|---|
| | | | | | |

| QUANTITY | DESCRIPTION | UNIT PRICE | | AMOUNT |
|---|---|---|---|---|
| | MONIES DUE ON ALBENA INVOICE 311 - 03.06.2004 | | | |
| 1992 | SENTRY MEN'S COATS | $    1.30 | | $    2,589.60 |
| | | | SUBTOTAL | $    2,589.60 |
| | | | OTHERS | |
| | | | TOTAL | $    2,589.60 |

# D International Trading Inc.      **Invoice**

67 5th avenue
New York, NY 10016
Phone: 212-889-5010
Fax: 212-685-2346

DATE JUNE.18.2004
INVOICE # 0028

To:
CROWN CLOTHING CORP
340 VANDERBILT AVE.
NORWOOD MA 02062
USA

Comments or Special Instructions:

*John,*
*These are typical invoices for lining charges that he never Provided. Each invoice represents 1 container load of product*

| SALESPERSON | P.O. NUMBER | SHIP DATE | SHIP VIA | F.O.B. POINT | TERMS |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

| QUANTITY | DESCRIPTION | UNIT PRICE | | AMOUNT |
|---|---|---|---|---|
|  | MONIES DUE ON ALBENA INVOICE 311 - 03.06.2004 |  |  |  |
| 1992 | SENTRY MEN'S COATS | $ 2.88 |  | $ 5,736.96 |
|  |  |  |  |  |

| | |
|---|---|
| APP'D | DATE |
| WHSE | DTE.REC. |
| SELECT | |

| | |
|---|---|
| ADJ. | VEND # 4710 |
| NV REC 7/9 | ENT. COMP |
| DTE PAID 7/9 | CHK# 10669 |

|  | SUBTOTAL | $ 5,736.96 |
|---|---|---|
|  | OTHERS |  |
|  | TOTAL | $ 5,736.96 |

5

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                2005 JUN -7  A 9 18    SUPERIOR COURT DEPARTMENT
                                                  OF THE TRIAL COURT
                                                  BUSINESS LITIGATION SESSION
                                                  CIVIL ACTION NO. 04-5313

---

CROWN CLOTHING CORPORATION

    Plaintiff

v.                                          DEFENDANT RONALD BERNARD'S
                                            ANSWER TO AMENDED COMPLAINT
RANDCORE, INC.; RAND                        AND JURY DEMAND
INTERNATIONAL TRADING, INC.;
ANDRE BERNARD; and RONALD
BERNARD,

    Defendants

---

The Defendant, Ronald Bernard ("Defendant"), hereby answers the First

Amended Complaint of Plaintiff, Crown Clothing Corporation ("Plaintiff"), as follows:

1.    Defendant lacks sufficient knowledge or information to admit or deny the

allegations contained in paragraph 1 and therefore denies the allegations therein.

2.    Admits.

3.    Admits.

4.    Denies that Andre Bernard owns 100% of the stock of Randcore.

5.    Denies, except admits that Ronald is a resident of New York and is the

brother of Andre.

6.    Defendant lacks sufficient knowledge or information to admit or deny the

allegations contained in paragraph 6 and therefore denies the allegations therein.

7.    Defendant lacks sufficient knowledge or information to admit or deny the

allegations contained in paragraph 7 and therefore denies the allegations therein.

1

8.      Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 8 and therefore denies the allegations therein.

9.      Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 9 and therefore denies the allegations therein.

10.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 10 and therefore denies the allegations therein.

11.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 11 and therefore denies the allegations therein.

12.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 12 and therefore denies the allegations therein.

13.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 13 and therefore denies the allegations therein.

14.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 14 and therefore denies the allegations therein.

15.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 15 and therefore denies the allegations therein.

16.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 16 and therefore denies the allegations therein.

## COUNT I – BREACH OF FIDUCIARY DUTY

17.     Defendant repeats and realleges each and every denial, admission and averment contained paragraph 1 through 16 herein.

18.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 18 and therefore denies the allegations therein.

2

19.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 19 and therefore denies the allegations therein.

20.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 20 and therefore denies the allegations therein.

21.    Denies.

22.    Denies.

### COUNT II – FRAUD

23.    Defendant repeats and realleges each and every denial, admission and averment contained paragraph 1 through 22 herein.

24.    Denies.

25.    Denies.

26.    Denies.

### COUNT III – BREACH OF CONTRACT

27.    Defendant repeats and realleges each and every denial, admission and averment contained paragraph 1 through 26 herein.

28.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 28 and therefore denies the allegations therein.

29.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 29 and therefore denies the allegations therein.

30.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 30 and therefore denies the allegations therein.

31.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 31 and therefore denies the allegations therein.

3

32.    Denies.

33.    Denies.

## COUNT IV – BREACH OF THE CONVENANT OF GOOD FAITH

## AND FAIR DEALING

34.    Defendant repeats and realleges each and every denial, admission and averment contained paragraph 1 through 34 herein.

35.    Denies.

36.    Denies.

## COUNT V – CONVERSION

37.    Defendant repeats and realleges each and every denial, admission and averment contained paragraph 1 through 36 herein.

38.    Denies.

39.    Denies.

## COUNT VI – CONSPIRACY

40.    Defendant repeats and realleges each and every denial, admission and averment contained paragraph 1 through 39 herein.

41.    Denies.

42.    Denies.

43.    Denies.

## COUNT VI – UNFAIR BUSINESS PRACTICES

44.    Defendant repeats and realleges each and every denial, admission and averment contained paragraph 1 through 43 herein.

45.    Denies.

## SEVENTH AFFIRMATIVE DEFENSE

As and for a separate and complete defense, the Defendant, Ronald Bernard, states that the Plaintiff's claims in whole or in part fail to state a claim upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery based on the doctrine of waiver and/or estoppel.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint should be dismissed or transferred on the grounds of improper and/or inconvenient venue.

THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES.

Respectfully submitted,

RONALD BERNARD

By his attorneys,

Gary R. Greenberg, BBO #209420
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, Massachusetts 02110
Tel: (617) 310-6000
Dated: January 7, 2005                                  Fax: (617) 310-6001

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail/hand on _____ 1/7/05 _____

_____
GARY R. GREENBERG

6

## SEVENTH AFFIRMATIVE DEFENSE

As and for a separate and complete defense, the Defendant, Ronald Bernard, states that the Plaintiff's claims in whole or in part fail to state a claim upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery based on the doctrine of waiver and/or estoppel.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint should be dismissed or transferred on the grounds of improper and/or inconvenient venue.

THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES.

I HEREBY ATTEST AND CERTIFY ON
JAN. 14, 2005 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

ASSISTANT CLERK.

Dated: January 14, 2005

Respectfully submitted,

RONALD BERNARD

By his attorneys,

1/14/05

_____
Gary R. Greenberg, BBO #209420
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, Massachusetts 02110
Tel: (617) 310-6000
Fax: (617) 310-6001