UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CROWN CLOTHING CORPORATION,<br>　　　　　Plaintiff<br><br>v.<br><br>RANDCORE, INC.,<br>RAND INTERNATIONAL TRADING,<br>INC., ANDRE BERNARD, AND<br>RONALD BERNARD,<br>　　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 05-10049 (NG) |

### MOTION OF THE DEFENDANTS RANDCORE, INC. RAND INTERNATIONAL TRADING, INC. AND ANDRE BERNARD TO AMEND THEIR ANSWER BY ADDING ADDITIONAL AFFIRMATIVE DEFENSES

　　　Now comes the defendants Randcore, Inc., Rand International Trading, Inc. and Andre Bernard and move to amend their answer by adding certain additional affirmative defenses. A copy of the proposed amended answer is attached hereto as Exhibit A. In support of this motion, the defendants state that the case is at a very early stage, with no depositions having yet been taken. Under the circumstances, leave to amend should be freely given, since the plaintiff will not be prejudiced by allowance of this motion.

　　　　　　　　　　　　　　　　　Defendants Randcore, Inc., Rand International
　　　　　　　　　　　　　　　　　Trading, Inc. and Andre Bernard,
　　　　　　　　　　　　　　　　　By their attorneys,

　　　　　　　　　　　　　　　　　/s/ Jeffrey S. Stern_____
　　　　　　　　　　　　　　　　　Jeffrey S. Stern, (BBO No. 479460)
　　　　　　　　　　　　　　　　　Sugarman, Rogers, Barshak & Cohen, P.C.
　　　　　　　　　　　　　　　　　101 Merrimac Street, 9th Floor
　　　　　　　　　　　　　　　　　Boston, MA 02114
　　　　　　　　　　　　　　　　　(617) 227-3030

DATED: October 7, 2005

## CERTIFICATE OF SERVICE

  I, Jeffrey S. Stern, hereby certify that on the above date I served the within document by e-mailing a copy of same to the following counsel of record:

| | |
|---|---|
| John C. Wyman, Esquire | Gary R. Greenberg, Esquire |
| Ryan MacDonald, Esquire | Greenberg Traurig |
| Murtha Cullina LLP | One International Place |
| 99 High Street | Boston, MA 02110 |
| Boston, MA 02110 | |

            /s/ Jeffrey S. Stern_____
            Jeffrey S. Stern

368512

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                              :
CROWN CLOTHING CORPORATION,                   :   Civil Action No. 05-10049 (NG)
          Plaintiff                          :
                                              :
          v.                                 :
                                              :
RANDCORE, INC.,                               :
RAND INTERNATIONAL TRADING,                   :
INC., ANDRE BERNARD, AND                      :
RONALD BERNARD,                               :
          Defendants                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## AMENDED ANSWER OF DEFENDANTS, ANDRE BERNARD, RAND CORPORATION AND RANDCORE, INC., TO AMENDED COMPLAINT AND COUNTERCLAIM

1.     The defendant admits that Crown Clothing designs and imports men's clothing, and that it has a place of business at 340 Vanderbilt Avenue, Norwood, MA. The defendants are without sufficient knowledge and information to admit or deny the remaining allegations of paragraph 1.

2.     Admitted that RandCore is a New York corporation, and that 267 5th Avenue was the defendant's address at relevant times, but that office has been closed.

3.     Admitted that Rand is a New York corporation, and that 267 5th Avenue was its address at relevant times, but that office has been closed..

4.     The defendants deny that Andre Bernard owns 100% of the stock of RandCore.  The defendants admit the remaining allegations of paragraph 4.

5.     The defendants deny that Ronald Bernard owns 100% of the stock of Rand.  The defendants admit the remaining allegations of paragraph 5 except that the

defendant is without sufficient knowledge to admit or deny the allegations concerning his alleged travels to Bulgaria.

6. The defendants deny that Andre Bernard "periodically" met with Crown Clothing employees in Massachusetts, admit that Andre Bernard did have telephone contacts and that both companies sent invoices from time to time. The defendants are without sufficient knowledge or information to admit or deny the allegation with respect to damages.

7. The defendants are without sufficient knowledge to admit or deny the allegations of paragraph 7.

8. The defendants admit that RandCore executed the document attached as Exhibit A, at the request of Mr. Silverman of Crown Clothing. The defendants deny that the contract was entered into on or about March 1, 1995. The defendants admit that RandCore sent invoices to Crown Clothing, which were paid. And further answering, the defendants state the contract was executed on a date after its stated expiration date.

9. The defendants deny that there was ever a valid "agency contract" with Crown. The defendants admit performing certain sourcing and supervisory functions for Crown, and admit there was no contract defining those functions.

10. Denied that Andre Bernard individually made such introduction or negotiated a contract. Denied that Andre Bernard or the corporate defendants negotiated a contract on behalf of Crown. Admitted that Andre Bernard, on behalf of Rand, became aware that Albena Style's predecessor could not finance linings. Rand then invoiced Crown, and paid the lining supplier. And further answering, the defendants state that no contract existed in 1997 between Rand and Crown Clothing.

11. Admitted that RandCore and Rand sent invoices, but the defendants can neither admit nor deny that these are "typical.".

12. The defendants are without sufficient knowledge or information to admit or deny the allegations with respect to the alleged phone conversation in September 2004, or Mr. Graci's state of mind at any time. The defendants deny that Mr. Bernard's alleged 1997 statement on behalf of Rand, if it were made, was false.

13. Denied.

14. Denied.

15. The defendants admit that Crown Clothing paid Rand's invoices, and are without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 15.

16. The defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 16.

## COUNT I – BREACH OF FIDUCIARY DUTY

17. The defendants repeat and incorporate herein their responses to the allegations of paragraphs 1 – 16.

18. The defendants deny that RandCore, or Mr. Bernard was hired to act as Crown Clothing's agent. The defendants admit that RandCore, but not Mr. Bernard performed certain sourcing functions, and Rand performed some supervisory functions over manufacturing. The defendants deny the allegations with respect to Ronald Bernard.

19. The defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 19, as to the plaintiff's state of mind, and deny that RandCore or Bernard was acting as plaintiff's agent in 1997, or subsequently.

20. Denied.

21. Denied.

22. Denied.

## COUNT II – FRAUD

23. The defendants repeat and incorporate herein their responses to the allegations of paragraphs 1 – 22.

24. Denied.

25. Denied.

26. Denied.

## COUNT III – BREACH OF CONTRACT

27. The defendants repeat and incorporate herein their responses to the allegations of paragraphs 1 – 26.

28. Denied.

29. Admitted that Crown paid some, but not all, of Rand's invoices.

30. The allegations of paragraph 30 constitute a conclusion of law, as to which no response is required.

31. The allegations of paragraph 31 constitute a conclusion of law, as to which no response is required.

32. Denied.

33. Denied.

### COUNT IV – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

34. The defendants repeat and incorporate herein their responses to the allegations of paragraphs 1 – 33.

35. The allegations of paragraph 35 constitute a conclusion of law, as to which no response is required.

36. denied.

### COUNT V – CONVERSION

37. The defendants repeat and incorporate herein their responses to the allegations of paragraphs 1 – 36.

38. Denied.

39. Denied.

### COUNT VI – CONSPIRACY

40. The defendants repeat and incorporate herein their responses to the allegations of paragraphs 1 – 39.

41. Denied.

42. Denied.

43. Denied.

### COUNT VII – UNFAIR BUSINESS PRACTICES

44. The defendants repeat and incorporate herein their responses to the allegations of paragraphs 1 – 43.

45. Denied.

46. Denied.

FIRST AFFIRMATIVE DEFENSE

The plaintiff has failed to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

The plaintiff has failed to plead allegations of fraud with the required particularity.

THIRD AFFIRMATIVE DEFENSE

Some or all of the claims are barred by the statute of limitations.

FOURTH AFFIRMATIVE DEFENSE

Some or all of the claims are barred by the statute of frauds.

FIFTH AFFIRMATIVE DEFENSE

The alleged contract attached as exhibit A to the Amended Complaint was drafted for an illegal purpose and is therefore unenforceable.

SIXTH AFFIRMATIVE DEFENSE

Andre Bernard was fraudulently induced to sign the alleged contract.

SEVENTH AFFIRMATIVE DEFENSE

The plaintiff is guilty of laches.

EIGHTH AFFIRMATIVE DEFENSE

The plaintiff has "unclean hands."

WHEREFORE, the defendants prays that the complaint be dismissed, and for such other further relief as the Court deems appropriate.

**COUNTERCLAIM OF RANDCORE**

1.      Randcore has supplied to Crown overcoats for a number of years.

2. As a result of disputes between the parties, Crown has refused to pay invoices for a period of approximately twelve months, and has continued to buy goods through sources introduced to it by Randcore.

3. Crown owes to Randcore for goods had and received, an amount to be proven at trial, but believed to be in excess of $100,000.00.

WHEREFORE, Randcore prays that the complaint be dismissed, for judgment on its counterclaim, and for such other further relief as the court deems appropriate.

By their attorneys,

/s/ Jeffrey S. Stern_____
Jeffrey S. Stern, (BBO No. 479460)
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

DATED: October 7, 2005

## CERTIFICATE OF SERVICE

I, Jeffrey S. Stern, hereby certify that on the above date I served the within document by e-mailing a copy of same, postage prepaid, to the following counsel of record:

John C. Wyman, Esquire
Ryan MacDonald, Esquire
Murtha Cullina LLP
99 High Street
Boston, MA 02110

Gary R. Greenberg, Esquire
Greenberg Traurig
One International Place
Boston, MA 02110

/s/ Jeffrey S. Stern_____
Jeffrey S. Stern

368513